UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| WILLIE LONG, ) | |
| ) | |
| Petitioner ) | |
| ) | |
| vs. ) | CAUSE NO. 3:15-CV-198 RLM |
| ) | (Arising out of 3:14-CR-16 RLM) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent ) | |

OPINION and ORDER

Willie Long pleaded guilty to illegal possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1), and was sentenced to a term of 51 months' imprisonment. Mr. Long is now before the court requesting that his sentence be vacated, set aside, or corrected under 28 U.S.C. § 2255 [Doc. No. 49]. His motion to proceed *in forma pauperis* [Doc. No. 50] and request for transcripts of the September 8 motions hearing and September 29 sentencing hearing and a copy of the Government's response to his motion to withdraw his guilty plea [Doc. No. 48 and 52] also pend.

The rules governing petitions filed under 28 U.S.C. § 2255 provide that once a motion is filed:

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to

relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. A review of the record in this case indicates that Mr. Long's motions can be resolved without a hearing, *see* Bruce v. United States, 256 F.3d 592, 597 (7th Cir. 2001); Daniels v. United States, 54 F.3d 290, 293 (7th Cir. 1995), and without transcripts of the September 8 and September 29 hearings.[1] *See* 28 U.S.C. § 753(f).

Mr. Long's plea agreement reveals that he waived the right to appeal his conviction and sentence and to contest his conviction and sentence in a § 2255 proceeding. The plea agreement was signed by Mr. Long, his attorney H. Jay Stevens, and Assistant United States Attorney Frank Schaffer and contained the following language in paragraph 9:

> (b)     I agree with the following facts:
>
> I hereby acknowledge that on November 18, 2013, I was driving an automobile with a Smith & Wesson handgun in the car. I was aware that the handgun was in the automobile. I was driving this automobile while in St. Joseph County, Indiana. I had been convicted of a felony in Elkhart County in 2007 in Circuit Court. I knew I was not to possess a firearm and I do not dispute that this firearm had traveled through interstate or foreign commerce.

---

[1] 28 U.S.C. § 753(f) provides in pertinent part:
>...Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.

***

(e) I understand that the law gives a convicted person the right to appeal the conviction and the sentence imposed; I also understand that no one can predict the precise sentence that will be imposed, and that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense(s) as set forth in this Plea Agreement; with this understanding and in consideration of the government's entry into this Plea Agreement;

**I expressly waive my right to appeal or to contest my conviction and my sentence or the manner in which my conviction or my sentence was determined or imposed, to any Court on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation, including any appeal under Title 18, United States Code, Section 3742, or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255**;

***

(g) The parties make the following recommendations:

(i) The government agrees to recommend a two (2) level reduction for acceptance of responsibility pursuant to § 3E1.1(a). The government further agrees to make a motion under 3E1.1(b) for an additional one (1) level reduction for acceptance of responsibility in the event defendant's applicable offense level is found to be a Level 16 or greater. I understand that the government's obligation to recommend acceptance of responsibility pursuant of his plea agreement is contingent upon my continuing manifestation of acceptance of responsibility....

(h) I further understand that the Court is not bound by any of these recommendations and that I AM NOT ENTITLED TO WITHDRAW THIS GUILTY PLEA if the Court decides not to accept these recommendations.

(Emphasis in original) [Doc. No. 12].

In paragraphs 11 and 12, Mr. Long stated that he believed his attorney "had done all that anyone could do to counsel and assist [him]," that he offered his plea

3

"freely and voluntarily and of my own accord," and that "no promises ha[d] been made to [him] other than those contained in [the plea agreement], nor ha[d] [he] been threatened in any way by anyone to cause [him] to plead guilty...."

Despite the waivers and admissions in the plea agreement, Mr. Long is now before the court seeking post-conviction relief with respect to his sentence. He contends that attorney H. Jay Stevens provided ineffective assistance when he failed to investigate his case, to file a motion to suppress, and "to fully explain[]...what the waiver in his plea [agreement] restricted him from doing," and that replacement counsel, Michael Rehak, was ineffective because he too failed to investigate, "scared" Mr. Long into withdrawing his motion to set aside the plea and "accepting a plea that was unjust,"and failed to argue "more mitigating circumstances at sentencing." Mr. Long also contends that the court erred in applying a four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B) because the Government didn't prove that the gun was connected to another felony offense (possession with intent to distribute marijuana).

Mr. Long stated during the April 10, 2014 change of plea hearing that he had read and understood the terms of the plea agreement, that he had discussed the plea agreement with Mr. Stevens before the plea hearing, that he understood he was giving up his right to appeal or otherwise challenge his sentence, and that he was satisfied with the representation Mr. Stevens had provided. He also stated under oath that no one had threatened or forced him to plead guilty, or had made

4

any promises, other than those contained in the plea agreement, as to what his sentence would be.

Mr. Long's sworn statements at the change of plea hearing are presumed to be truthful, Bridgeman v. United States, 229 F.3d 589, 592 (7th Cir. 2000), and the record supports a finding that his guilty plea was "a voluntary and intelligent choice among the alternate courses of actions open to him." Berkey v. United States, 318 F.3d 768, 773 (7th Cir. 2003) (*quoting* North Carolina v. Alford, 400 U.S. 25, 31 (1970)). The plea agreement clearly and unambiguously sets forth the waiver of Mr. Long's right to appeal and to file a § 2255 petition, the waiver was explained to him during the plea colloquy, and he acknowledged that he understood. Because Mr. Long's plea was informed and voluntary, the waiver of his right to appeal or to file a § 2255 petition "must be enforced." Nunez v. United States, 546 F.3d 450, 453 (7th Cir. 2008).

A plea agreement containing a waiver of the right to appeal and file a petition under § 2255 can be collaterally attacked in a limited number of circumstances, including challenges based upon contractual grounds such as mutual mistake or breach, United States v. Cook, 406 F.3d 485, 487 (7th Cir. 2005), when the sentence is greater than the statutory maximum sentence for the offense of conviction, United States v. Bownes, 405 F.3d 634, 637 (7th Cir. 2005), or when a defendant claims the waiver was involuntary or counsel was ineffective in negotiating the waiver, Mason v. United States, 211 F.3d 1065, 1069 (7th Cir.

2000). Only one of Mr. Long's arguments falls within those limitations–his claim that he didn't knowingly waive his right to contest his sentence because Mr. Stevens didn't explain what the waiver provision meant and so was ineffective. The record clearly demonstrates otherwise.

> To prevail on [his] ineffective assistance claim, [Mr. Long] must demonstrate that [his] counsel's performance fell below an objective standard of reasonableness, and that "the [alleged] deficient performance prejudiced the defense." In order to satisfy the prejudice prong, [Mr. Long] must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

Taylor v. Bradley, 448 F.3d 942, 948 (7th Cir. 2006) (*quoting* Strickland v. Washington, 466 U.S. 668, 687-688, 694 (1984)). "Prejudice in the context of a guilty plea requires a showing that but for counsel's deficient performance, [Mr. Long] would not have pleaded guilty." Galbraith v. United States, 313 F.3d 1001, 1008 (7th Cir. 2002).

Mr. Long's belated assertions that he might have elected to proceed to trial had Mr. Stevens not assured him the § 2K2.1(b)(6)(B) enhancement wouldn't apply and had Mr. Rehak not "scared" him into withdrawing his motion to set aside the plea are based on hindsight and are inconsistent with verified statements he made in his plea agreement and during the plea hearing. Mr. Long was consistently and repeatedly advised in the plea agreement and during the plea hearing that the court, not the attorneys, would determine the sentence, and that he was waiving

6

his right to challenge his conviction and sentence by pleading guilty to the charge, as demonstrated by the following excerpt:

> THE COURT: …So if, in the end, you receive a sentence that is more severe than what you though you were going to get, maybe more severe than what your attorney told you or argued to the Court, maybe more severe than what the Sentencing Guidelines may recommend, and even more severe than, perhaps, what the Government is seeking, you'll not be able to withdraw your guilty plea…and you'll not be able to appeal…Do you understand?
>
> MR. LONG: Yes, your Honor.

[Doc. No. 34 at pp. 15-16].

Mr. Long doesn't challenge his conviction or seek a new trial. He simply wants a lower sentence–one that isn't enhanced under U.S.S.G. § 2K2.1(b)(6)(B), but gives him the benefit of a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. The relief he seeks isn't available. Mr. Long knowingly and voluntarily waived his right to contest his conviction and sentence and the manner in which they were determined, and, for the reasons stated, can't prevail on his claim that counsel provided ineffective assistance in relation to the negotiation of the plea.

Accordingly, Mr. Long's motion to vacate his sentence under 28 U.S.C. § 2255 [Doc. No. 49] is SUMMARILY DISMISSED, and the motion to proceed *in forma pauperis* [Doc. No. 50] and request for transcripts [Doc. No. 48 and 52] are DENIED as unnecessary.

7

SO ORDERED.

ENTERED:  June 15, 2015  

                                           /s/ Robert L. Miller, Jr.  
                                     Judge, United States District Court

cc:    W. Long  
       AUSA Schaffer